IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | CRIMINAL NO. 10-237 |
| | ) | |
| GRIFFIN ABEL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

On March 5, 2015, Defendant Griffin Abel filed a *pro se* Motion [ECF 66] which the Court construed as a motion to reduce Defendant's sentence under 18 U.S.C. §3582(c). In his Motion, Defendant first asked for Amendment 782 to be applied to his case and his sentence reduced accordingly. Additionally, Defendant asked for his four (4) year term of supervised release to be decreased or eliminated pursuant to 18 U.S.C. § 3583(e)(1) in light of the amended sentencing policy.

On April 1, 2015, an Order was entered appointing counsel for Defendant, ordering a Response from the Government to the Motion, and allowing defense counsel to file a reply to the Government's Response. The Government filed a Response to the Motion on April 22, 2015. Defense counsel did not file a Reply to the Response.

In its Response, the Government first argued that Defendant's request for a reduction in his sentence should be denied because Defendant would be released from imprisonment prior to November 1, 2015, the date Amendment 782 would go into effect. In fact, the Bureau of Prison's Inmate Locator indicates that Mr. Abel was released from its custody on October 16, 2015. Additionally, the Government argued that Defendant's request for early termination or complete elimination of his term of supervised release pursuant to 18 U.S.C. § 3583(e)(1) should

be denied because the Motion was premature in that pursuant to 18 U.S.C. § 3583(e)(1), a defendant may move for early termination of a term of supervised release only after the expiration of one year of supervised release, and at the time he filed the Motion, Defendant had not yet begun to serve his term of supervised release.

The Court finds that Defendant's Motion for a reduction in sentence under 18 U.S.C. §3582(c) based upon the applicability of Amendment 782 to his case must be denied as Amendment 782 is inapplicable to Defendant due to his being released from imprisonment prior to November 1, 2016. The Court further find that Defendant's request for early termination or complete elimination of his term of supervised release pursuant to 18 U.S.C. §3583(e)(1) must be denied without prejudice as being prematurely filed. Defendant can file a new Motion requesting early termination or complete elimination of his term of supervised release pursuant to 18 U.S.C. §3583(e)(1) after one (1) year of his term of supervised release has expired. An appropriate Order follows:

## ORDER

AND NOW this 19th day of July, 2016, it is hereby ORDERED, ADJUDGED, AND DECREED that Defendant's *pro se* Motion [ECF 66] is DENIED.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior United States District Court Judge